UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARQUIS EZEKIEL HEARD,

   Plaintiff,

  v.         Case No.:  2:24-cv-00872-SPC-NPM

SGT. HUGHES, RICKY OPSAHI,
AND OFFICER JOHN DOE,

    Defendants,

_____/

## **OPINION AND ORDER**

Before the Court are Defendant Sgt. Hughes' Motion to Dismiss Plaintiff's Complaint (Doc. 26) and Ricky Opsahi's Motion to Dismiss (Doc. 28).

### **Background**

Plaintiff Marquis Ezekiel Heard is a prisoner of the Florida Department of Corrections.  He sues two correctional officers—one identified as John Doe—and a prison nurse under 42 U.S.C. § 1983 and the Eighth Amendment.  The two named defendants move to dismiss Heard's Amended Complaint (Doc. 17). The Court recounts the factual background as pled in the amended complaint, which it must take as true to decide whether it states a plausible claim.  *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On July 22, 2023, Heard told Hughes and Doe—around 5:50 p.m. and 6:30 p.m., respectively—that he was suicidal and declared a mental health

emergency. Both officers ignored Heard. On his next round check around 7:00 p.m., Doe found Heard hanging from the cell bunk with a sheet around his neck. Doe called Hughes over. Hughes laughed at Heard and said, "Inmate Heard, you know black people don't turn blue while they're hanging?" (Doc. 17 at 14). Hughes and Doe left Heard hanging from the bunk and walked away. Realizing the sheet would not kill him, Heard cut his arm five times with a razor. Hughes found Heard bleeding in his cell around 8:50 p.m. Heard again declared a mental health emergency, but Hughes refused to notify medical staff. Doe came by Heard's cell during another round check and also left Heard bleeding in his cell.

Around 9:30 p.m., Hughes and nurse Ricky Opsahi came to Heard's dorm to distribute medication. Hughes told Opsahi not to help Heard. Heard showed Opsahi his neck and arm and declared a mental health emergency. Opsahi refused to provide treatment or notify other medical staff. Heard's neck and arm were sore, bruised, and swollen for five to seven days, and the self-inflicted injuries caused Heard emotional distress. Heard claims Hughes, Doe, and Opsahi were deliberately indifferent to his threats of self-harm and medical needs, and he seeks compensatory and punitive damages. The named defendants argue Heard fails to state a plausible claim, and Huges raises immunity defenses.

**Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Heard files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In

addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Heard is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

## Discussion

Hughes and Opsahi argue Heard fails to state a plausible claim against them. Hughes also raises Eleventh Amendment immunity and qualified immunity.

A. <u>Pleading sufficiency</u>

"To establish a § 1983 claim for deliberate indifference, a plaintiff must show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (internal quotation marks and citation omitted). In a prison suicide case, "deliberate indifference requires that the defendant deliberately disregard a *strong likelihood* rather than a mere possibility that the self-infliction of harm will occur." *Cook ex rel. Estate of Tessier v. Sheriff*

*of Monroe Cnty., Fla.*, 402 F.3d 1092, 1115 (11th Cir. 2005) (internal quotation marks and citation omitted). Deliberate indifference is akin to subjective recklessness as used in criminal law, and to establish it, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024).

Heard's amended complaint plausibly alleges that Hughes was deliberately indifferent to a serious risk of self-harm. Heard told Hughes he felt suicidal, and even after witnessing Heard's first suicide attempt, Hughes did nothing. That is enough to establish that Hughes subjectively knew Heard would likely harm himself again if Hughes did not intervene. But Hughes did nothing, and Heard attempted suicide a second time.

On the other hand, Opsahi did not have an opportunity to prevent Heard from harming himself, so Heard cannot establish causation between Opsahi's inaction and his suicide attempts. Heard must instead show that Opsahi was deliberately indifferent to a serious medical need. In the Eleventh Circuit, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Shaw v. Allen*, 701 F. App'x 891, 893 (11th Cir. 2017) (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).

Heard alleges he showed Opsahi the self-inflicted injuries to his neck and arm, but he does not allege enough detail about the injuries for the Court to infer that Opsahi subjectively knew of a serious risk of substantial harm if he did not treat Heard.  Heard's allegation that his injuries healed on their own within a week suggest the injuries did not create a serious medical need.  Thus, Heard has not stated a plausible claim against Opsahi.

Hughes also argues Heard's amended complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a).  The Court disagrees.  Heard's amended complaint is concise, direct, and understandable, and it gives each defendant fair notice of the factual and legal claims against him.

B. Eleventh Amendment immunity

Heard sues the defendants in their individual and official capacities.  The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Absent an abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual

against a state or its agencies in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662 (1974).

"When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individuals are nominal defendants." *Id.* at 663. "Thus, the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id.* In other words, the bar protects state officials sued in their official capacities but not in their individual capacities. *Melton v. Abston*, 841 F.3d 1207, 1234-35 (11th Cir. 2016).

Congress has not abrogated Florida's Eleventh Amendment immunity, nor has Florida waived it. Thus, Heard cannot sue the defendants in their official capacities.

C. Qualified immunity

"Qualified immunity protects government officials from individual liability unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Snorton v. Owens*, 808 F. App'x 814, 820 (11th Cir. 2020). An official invoking qualified immunity must first show he was acting within the scope of his discretionary authority. The burden then shifts to the plaintiff to show: (1) the official violated a federal

statutory or constitutional right; and (2) the unlawfulness of the official's conduct was clearly established at the time of the alleged violation. *Id.* at 820-21.

There is no doubt Hughes was acting in his discretionary authority when Heard's claim against him arose. Hughes argues he is entitled to qualified immunity because a reasonable corrections employee would not know his alleged conduct violated Heard's constitutional rights. Not so. The relevant standard is well established by Eleventh Circuit precedence. It "requires a strong likelihood rather than a mere possibility that the self-infliction of harm will occur[.]" *Popham v. Cty. of Talladega*, 908 F.2d 1561, 1563 (11th Cir. 1990). As explained above, Heard plausibly accuses Hughes of ignoring a strong possibility of self-harm. Hughes is not entitled to qualified immunity here.

Accordingly, it is hereby

**ORDERED:**

Defendant Sgt. Hughes' Motion to Dismiss Plaintiff's Complaint (Doc. 26) is **granted in part and denied in part** and Ricky Opsahi's Motion to Dismiss (Doc. 28) is **granted**.

(1) Heard's official capacity claims are **dismissed with prejudice**.

(2) Heard's claim against Opsahi is **dismissed without prejudice**.

(3) Hughes must answer Heard's Amended Complaint on or before **September 3, 2025**.

**DONE AND ORDERED** on August 20, 2025, in Fort Myers, Florida.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: all parties