UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARQUIS EZEKIEL HEARD,

Plaintiff,

v. Case No. 2:24-cv-872-SPC-NPM

SGT. HUGHES, et al.,

Defendants.

---

**OPINION AND ORDER**

Before the Court are four pending motions in this civil rights case: a motion by defendant Sergeant Gregory Hughes to compel Plaintiff Marquis Ezekiel Heard to execute a medical records release (Doc. 41); a motion by Heard to compel disclosure of the true name of a "John Doe" defendant he has sued (Doc. 45); and respective motions by Hughes and Heard to extend scheduling deadlines by 90 days (Docs. 44, 46). Neither party responded to any of the motions. For the reasons that follow, the Court will grant Hughes's motion to compel Heard to execute an authorization to release his medical and mental health treatment records, deny Heard's motion to compel, and extend the scheduling deadlines.

## Background

Heard is a Florida state prisoner confined at the Santa Rosa Correctional Institution in Milton, Florida. His claims arose on July 22, 2023, at the Charlotte Correctional Institution in Punta Gorda, Florida. In his amended complaint (Doc. 17), he asserts claims against three defendants who worked at that prison. Two are corrections officers, Sgt. Hughes and another, identified fictitiously as "John Doe." The third defendant is a prison nurse, Ricky Opsahi. The Court refers to the three collectively as "Defendants." Each is sued in both their individual and official capacities.

Heard claims Defendants are liable under 42 U.S.C. § 1983, for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. According to the complaint, Heard told Hughes and Doe that he was suicidal and declared a "mental health emergency," but they ignored him. Later that night, Heard tried to hang himself with a bed sheet tied to his cell bunk. Doe and Hughes found him, but instead of securing medical attention, they made fun of him. Heard realized he could not kill himself with the sheet, so he cut his right forearm with a razor five times. Hughes and Doe returned to find Heard bleeding in his cell, but they again refused to take him for medical treatment. Finally, Heard alleges that Hughes and Opsahi came later during "medication pass-out" and saw him still cut and bleeding, but they again did nothing to help him. As a result of these events, Heard claims he

suffered bruises, swelling, and soreness of his neck as week as cuts, bruises, and swelling on his forearm. He also claims emotional distress and pain and suffering.

On October 21, 2025, the Court entered a Case Management and Scheduling Order pursuant to Fed. R. Civ. P. 16(b). (Doc. 40, "Scheduling Order"). The Scheduling Order requires Defendants to either provide Heard with the name of the "John Doe" defendant by November 21, 2025, or notify Heard in writing that they could not identify that defendant despite diligent effort. (*Id.*, ¶ 1). It further provides that if Defendants are unable to identify the Doe defendant, Heard may attempt to learn his identity through discovery devices, including subpoenas under Fed. R. Civ. P. 45. (*Id.*) Heard was required to notify the Court of the Doe defendant's identity by April 20, 2026, or the Court would dismiss that defendant. (*Id.*)

The Scheduling Order also set various deadlines. Discovery was to be completed by April 20, 2026, including the filing of any discovery-related motions. (Doc. 40, ¶ 2). The parties were required to hold a settlement conference by May 11, 2026, and to file a joint report regarding that conference by May 18, 2026. (Id., ¶ 4). Dispositive motions were to be filed by June 1, 2026. (Id., ¶ 5).

### 1. Defendant Hughes's Motion to Compel

On October 27, 2025, Hughes filed his motion to compel under Fed. R. Civ. P. 37. (Doc. 41). He asks the court to order Heard to sign an authorization to release "his medical, psychological, and other service records from the Florida Department of Corrections." Hughes has twice asked Heard to sign such a release, but Heard refused. (Docs. 41-1, 41-2).

While Hughes has provided documents memorializing Heard's refusals, he has not provided a copy of the proposed release itself. However, he identifies it as form DC4-711B, which is publicly viewable online.[1] It is a Florida DOC form titled, "Consent and Authorization for Use and Disclose Inspection and Release of Confidential Information." It displays five boxes for initialing, each identifying a different type of medical information that might be covered by the authorization. The boxes correspond to the following categories: (A) all medical records <u>except</u> those related to HIV and AIDS, psychiatric and psychological information, or alcohol and substance abuse treatment; (B) HIV and AIDS-related records; (C) records related to psychiatric and psychological information, other than "psychotherapy notes"; (D) dental records; and (E) alcohol and substance abuse treatment records.

[1] https://www.fdc.myflorida.com/content/download/1231/file/dc4-711B.pdf

Hughes's motion states the release would cover Heard's "medical, psychological, and other service records from the Florida Department of Corrections." The Court agrees that Heard's medical records related to his injuries, physical condition, and psychological condition are discoverable. However, Hughes's motion does not specifically seek records related to HIV or AIDS testing or treatment, dental records, or alcohol or substance abuse treatment, nor has Hughes shown how such records would be relevant. Accordingly, Hughes's motion to compel Heard to sign form DC4-711B, authorizing the release of the records covered under boxes "A" and "C" on the form, is granted.

**2. Plaintiff's Motion to Compel**

Heard filed his own motion to compel discovery on April 19, 2026. (Doc. 45). He seeks to compel the "Charlotte Correction[al] Institution" and counsel for Hughes, Juliana Tirado, a representative of the Florida Attorney General's Office, to provide the name of the "John Doe" Defendant. On November 21, 2025, Tirado notified Heard that she could not identify the Doe Defendant despite diligent efforts. Heard received that notice on December 3, 2025. He argues Tirado's attempt was not diligent because the complaint included sufficient detail to identify Doe. The complaint alleges Doe was present at the Charlotte Correctional Institution, Fox Dorm, Wing 1, Cell 1112, at

approximately 5:50 p.m. on July 22, 2023, and Heard asserts that Doe should be identifiable "on audio in video (sic)."

However, Heard has not shown that Defendants failed to comply with the Scheduling Order. Heard admits that Tirado, despite diligent efforts, timely certified she could not identify the Doe Defendant. Heard insists Tirado's efforts were not diligent, based on speculation that the Doe Defendant could be identified from a surveillance recording of the area near Heard's cell on the date in question. However, Heard has not demonstrated that such a recording exists or, if it does, what it shows.

Further, the Scheduling Order expressly authorized Heard to seek information about the Doe Defendant's identity through discovery, including Rule 45 subpoenas to third parties. Heard does not claim to have undertaken any such efforts, let alone that a defendant or third party, including the "Charlotte Correctional Facility," failed to comply with a duly served discovery request or subpoena. Instead, Heard waited until April 19, 2026, the day before the discovery deadline, to complain only about Defendants' supposed lack of diligence from five months earlier. Because Heard fails to show entitlement to relief under Rule 37, his motion to compel is denied.

**3. The Motions to Extend Deadlines**

Finally, Hughes and Heard filed separate motions seeking to extend the deadlines in the Scheduling Order. (Docs. 44, 46). They both agree to a 90-day

extension of all deadlines. For good cause shown, the Court grants an extension of deadlines.

Accordingly, it is now

**ORDERED:**

(1) Defendant Sgt. Gregory Hughes's motion to compel (Doc. 41) is **GRANTED**. Within 21 days of this Order, Plaintiff Marquis Ezekiel Heard shall execute a medical authorization form DC4-711B, to cover records in boxes "A" and "C" on the form;

(2) Heard's motion to compel (Doc. 45) is **DENIED**;

(3) The respective motions filed by Hughes and Heard to extend deadlines (Doc. 44, 46) are **GRANTED**, as follows:

a. the deadline to complete discovery, including all discovery-related motions, is extended to **October 20, 2026**;

b. the deadline to meet and confer in person to discuss settlement is extended to **November 10, 2026**;

c. the deadline to file a joint report regarding the outcome of the settlement conference is extended to **November 17, 2026;** and

d. the deadline for filing dispositive motions is extended to **December 8, 2026**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-3
Copies: All Counsel and Parties of Record