UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARQUIS EZEKIEL HEARD,

Plaintiff,

v. Case No. 2:24-cv-980-SPC-NPM

GREGORY HUGHES, et al.,

Defendants.

---

**OPINION AND ORDER**

Now before the Court in this *pro se* prisoner civil rights case is a filing by Plaintiff Marquis Ezekiel Heard, styled, "Plaintiff's Notice of Scheduling of Depositions (sic) of Defendant Virtual Recorded Video Deposition of Gregory Hughes." (Doc. 48). In substance, however, the filing is a motion by Heard requesting the Court to authorize prepayment at public expense of all costs and fees for him to take a remote video deposition of Defendant Hughes. Treated the filing as a motion for such relief, it will be denied.

Heard is a Florida state prisoner confined at the Hamilton Correctional Institution in Jasper, Florida. His claims arose on July 22, 2023, at the Charlotte Correctional Institution in Punta Gorda, Florida. In his amended complaint (Doc. 17), he asserts claims against three defendants who worked at that prison. Two are corrections officers, Hughes and another fictitiously

identified as "John Doe." The third defendant is a prison nurse, Ricky Opsahi. Each is sued in both their individual and official capacity. Heard claims Defendants are liable under 42 U.S.C. § 1983, alleging they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Heard has been granted leave to proceed *in forma pauperis* (IFP). (Doc. 11)

Heard desires to take the remote video deposition of Defendant Hughes. Highlighting his IFP status, Heard claims he cannot financially afford to pay the expenses associated with his sought deposition of Hughes. Those would presumably include the fee for a qualified court reporter and the cost of a copy of the transcript. Heard asks the Court to authorize payment at public expense of all costs associated with the deposition.

However, 28 U.S.C. § 1915 does not authorize payment of the costs of an indigent party's discovery in a civil case. Rather, § 1915 refers to only "court fees." Neither Defendants nor the district court can be obligated to advance discovery costs. *See Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014) (citing *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993)). That includes the expenses of conducting depositions. *See Wright v. United States*, 948 F. Supp. 61, 61–62 (M.D. Fla. 1996). Accordingly, even though Heard is a prisoner and has been granted IFP status, he remains responsible to arrange for and pay any costs associated with depositions he might notice.

Accordingly, it is now

**ORDERED:**

For the reasons explained above, Plaintiff Marquis Ezekiel Heard's "Notice of Scheduling of Depositions (sic) of Defendant Virtual Recorded Video Deposition of Gregory Hughes," treated as a motion for payment of expenses associated with such deposition (Doc. 48), is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 19, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-3
Copies: All Counsel and Parties of Record